IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00235-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

RICHARD FRANKLIN,

     Defendant.

---

**ORDER ON SECOND MOTION TO RECONSIDER ORDER OF DETENTION**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant requests release on bond in a motion first filed on June 5, 2012 and then re-submitted on July 3, 2012 (underline#45). This is a presumption of detention case. The Court initially held a hearing concerning detention for Mr. Franklin on June 14, 2011. At that time, the Court determined that, by clear and convincing evidence, Defendant presented a risk to others. Mr. Franklin, through counsel, did not contest detention, and the Court ordered detention. *See* docket #8.

The current motion relies principally on evidence that was available at the time of the initial hearing, other than a more recent interview of a potential victim of sexual assault in which the alleged victim denied any sexual contact with Mr. Franklin. However, in the most recent hearing which lasted several hours, the Court received for the first time detailed information about the facts underlying the Indictment, as well as information obtained from Mr. Franklin's computer. Defendant did not dispute this evidence but argued that the Government did not establish conclusively that Mr. Franklin had ever had any direct sexual contact with a minor and, if he had,

it was more than 20 years ago.  It is true that the Government alleged, but did not offer conclusive proof, that Mr. Franklin has, in the fairly distant past, had sexual contact with minors.  The evidence consisted primarily of Mr. Franklin's confessed activity of the same, along with the contents of internet chats that he had with another person who collected child pornography and some arguably corroborating statements from minors.

Mr. Franklin requests release to the home of his father and mother where he was living prior to his arrest in the underlying case.  Mr. Franklin's sister has represented to defense counsel that Mr. Franklin's parents would be amenable to Plaintiff's home detention at their home, along with cooperating in anticipated conditions of release.

I find three pieces of evidence particularly compelling in deciding this motion.  First, although his counsel indirectly argued that Mr. Franklin was engaged in puffing when admitting to his sexual feats with minors, Mr. Franklin stated to law enforcement officers that he had had sexual contact with an underage male and wrote out a signed confession to that effect.  He described in great detail the specifics of this contact, down to the fact that the child fell backwards somewhat and bruised a tailbone against a faucet.  Mr. Franklin described the incident in such intimate detail that the Court finds it credible that he engaged in sexual activity with a minor.

Second, Mr. Franklin maintained his library of child pornography in such meticulous fashion (organizing, categorizing, creating subfolders according to age of child and type of sexual contact) and had such volume (approaching half a million images or videos either stored on his hard drives or already deleted [but forensically recoverable] from his hard drives) and engaged in so many chats on the topic, that it rises to the level of an obsession or, worse, an addiction.  In my experience and training, this level of interest involves a significant threat of re-offending.

Third, and most importantly, Mr. Franklin wrote in a chat that he did not agree with the law

(including judicial interpretations) nor with society's standards regarding whether a minor can

legally consent to sex with an adult.[1]  This instructs me that regardless of conditions I impose on Mr.

Franklin, he will make his own decision on whether those conditions must be followed.  I cannot

tolerate release of such a person in light of the allegations of direct contact with minors here, as well

as the real or fantasying contact with other minors.  In light of the presumption of detention in this

case, I do not believe that I have been presented with evidence with which I can fashion conditions

of release that will reasonably assure the safety of the community.  Applying 18 U.S.C. § 3142(e)(3),

detention is warranted.

Defendant's Second Motion to Reconsider Order of Detention [filed July 2, 2012; docket

#45]is **denied**.  Defendant shall remain under pretrial detention.

SO ORDERED.

DATED and ENTERED this 5th day of July, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1]Mr. Franklin wrote: "I personally don't think there's anything wrong with it . . . as long as the boy wants it. . . .  Courts may believe kids can't make decisions, parents also, but we were all kids and we made some serious decisions if they liked it or not."